**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JPMorgan Chase Bank NA, | No. CV-19-01432-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| U.S. Metal Buildings Corporation, et al., | |
| Defendants. | |

Plaintiff JPMorgan Chase Bank NA moves for default judgment against Defendants U.S. Metal Buildings Corp. ("U.S. Metal") and U.S. Building Systems Corp. ("U.S. Building") pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 19.) Neither Defendant has filed a response. For the reasons stated below, Plaintiff's motion is granted.

**I.   BACKGROUND**

This case arises out of Defendants' alleged breach of a lease agreement (the "Lease") involving commercial real estate in Tempe, Arizona. (Doc. 1.) Plaintiff filed its Complaint on March 1, 2019.[1] (*Id.*) The Complaint states that on or about January 12, 2012, BREOF BNK 2 Southwest, LLC ("BREOF") entered into the Lease, as landlord, with U.S. Building as tenant. On or about January 14, 2013, U.S. Building and U.S. Metal executed

---
[1] Based on the allegations in the Complaint, the Court concludes that it has subject matter jurisdiction over this action and personal jurisdiction over Defendants. The amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332. Defendants entered into a Lease involving property located within this District.

an "Assignment and Assumption of Lease and Consent to the Landlord," which transferred the tenant obligations to U.S. Metal but did not release U.S. Building from liability. (*Id.* ¶ 14–15.) The Lease was extended through July 31, 2018 (the "Amendment"). (*Id.* ¶ 18–19.) Plaintiff states that it is the successor-in-interest to BREOF in connection with the Lease. (*Id.* ¶ 20.) Plaintiff also states that Defendants failed to make any rent payments beginning August 1, 2016. (*Id.* ¶ 21.) The Complaint prays for relief in the form of late rent payments, reimbursement of rental incentives, liquidated damages, and attorneys' fees and costs. (*Id.* ¶ 24–25.)

Defendants failed to file an answer, a motion to dismiss, or any other response to the Complaint.[2] Upon application (Doc. 14), the Clerk of the Court entered default against Defendants on June 19, 2019. (Doc. 15.) Plaintiff filed the pending motion on September 18, 2019. (Doc. 19.) Defendants have failed to respond.

## II. DISCUSSION

### A. Default Judgment

Once a default has been entered and a defendant fails to move to set aside the default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Following an entry of default, the Complaint's factual allegations—other than those relating to the amount of damages—are taken as true. *See Fair Housing of Marin. v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The entry of default judgment is within the Court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In determining whether default judgment is appropriate, the Court considers the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court will address these factors in turn.

---

[2] Defendants were served with the Complaint on May 17, 2019. (Docs. 11–12.)

1.  **Possible Prejudice to Plaintiff**

The first *Eitel* factor weighs in favor of granting the motion because Plaintiff will be prejudiced if default judgment is not entered. The record reflects that Plaintiff gave proper notice (Docs. 2, 11, 12), but Defendants have not responded to this action. If the motion is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

2.  **Merits of Plaintiff's Claim**

The second *Eitel* factor also weighs in favor of granting the motion. This factor requires a plaintiff to "state a claim on which the [plaintiff] may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Plaintiff has alleged that Defendants breached the underlying Lease. (Doc. 1.) To prevail on a breach of contract claim under Arizona law, "a plaintiff must show a contract, a breach of contract, and damages." *Best W. Int'l, Inc. v. Patel*, 523 F. Supp. 2d 979, 988 (D. Ariz. 2007) (*citing Graham v. Asbury*, 112 Ariz. 184, 185 (1975)). Based on the facts described above and in the Complaint, Plaintiff has pled a prima facia case that Defendants breached the Lease.

3.  **Sufficiency of the Complaint**

The third *Eitel* factor also favors granting the motion. Based on the Court's analysis of the merits of Plaintiff's claim, nothing suggests that the Complaint fails to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4.  **Amount at Stake**

The fourth *Eitel* factor, regarding the sum of money at stake, also weighs in favor of granting the motion. The Court must examine "the sum of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176–77. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-198-TUC-CKJ, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008). The motion seeks a certain amount—$89,645.90—calculated from the Lease and subsequent Amendment into which Defendants entered.[3] The Court does

---

[3] As addressed *infra*, the Complaint states that "[t]he amount due to Chase pursuant to the terms of the Lease is no less than $134,685.93." (Doc. 1 ¶ 28.) The relief requested in

not consider this to be a disproportionate or inappropriate sum.

### 5. **Possible Dispute Concerning Material Facts**

The fifth *Eitel* factor favors granting the motion because there is no dispute concerning material facts. Defendants have not responded to this action in the seven months that it has been pending. (Doc. 1.) As noted, upon entry of default, the factual allegations of a Complaint are taken as true (except those relating to the amount of damages). *See Fair Housing of Marin.*, 285 F.3d at 906. There is therefore no dispute concerning material facts at this juncture.

### 6. **Whether Default Was Due to Excusable Neglect**

The sixth *Eitel* factor also favors granting the motion. Defendants have had multiple opportunities to respond to action over the past seven months but have failed to do so. They have also offered no explanation for their failure to appear. It is therefore highly unlikely that Defendants' "failure to answer and the resulting default was a result of excusable neglect." *Gemmel*, 2008 WL 65604, at *5.

### 7. **Policy Underlying the Federal Rules of Civil Procedure**

The final factor—the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits—weighs against default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The existence of Fed. R. Civ. P. 55(b), however, indicates that "this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (internal citation omitted). Rule 55 permits termination of a case before the Court hears the merits when a defendant fails to defend an action. Moreover, a defendant's failure to contest the Complaint or seek relief from the Clerk's entry of default "makes a decision on the merits impractical, if not impossible." *Id.* The final *Eitel* factor is therefore insufficient to preclude the Court from entering default judgment.

Having reviewed Plaintiff's motion and analyzed the factors set forth in *Eitel*, the Court finds that factors one through six weigh in favor of granting Plaintiff's motion. The

---

Plaintiff's motion for default judgment (Doc. 19), however, does "not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

final *Eitel* factor is not sufficient to outweigh the first six factors. Therefore, for the reasons set forth herein, the Court concludes that Plaintiff is entitled to default judgment.

### B. Damages

Having found that entry of a default judgment is proper, the only remaining issue is one of damages. In contrast to the other allegations in a complaint, allegations pertaining to damages are not taken as true when considering a motion for default judgment. *Fair Housing of Marin*, 285 F.3d at 906. Nonetheless, a district court has "wide latitude" in determining the amount of damages to award upon default judgment. *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993).

Plaintiff requests entry of judgment without a damages hearing in the amount of $89,645.90, comprised of (1) $42,933.55 in past-due rent payments, (2) $4,710.25 in late fees, (3) $9,000.45 in reimbursement of a rental incentive pursuant to the Lease, and (4) $33,001.65 for reimbursement of a rental incentive pursuant to the First Lease Amendment. (Doc. 19 at 5.) This is less than the $134,685.93 prayed for in the Complaint, which, in addition to the aforementioned items, also requested interest on late fees, liquidated damages on future rent and taxes, pre- and post-judgment interest, and attorneys' fees and costs. (Doc. 1 at 5.)

Rule 54(c) of the Federal Rules of Civil Procedure requires that a default judgment "not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Plaintiff's motion for default judgment requests a subset of those damages requested in the Complaint; it does not request damages "different in kind" or in excess of those in the Complaint. *Id*. The Court concludes that Plaintiff's Complaint provided Defendants with "sufficient notice. . .of the potential award," enabling them "to decide whether to respond to the complaint in the first instance." *Fisher Printing Inc. v. CRG LTD II LLC*, No. CV-16-03692-PHX-DJH, 2018 WL 603299, at *3 (D. Ariz. Jan. 22, 2018).

The Court may enter a default judgment without a damages hearing when, as here, "the amount claimed is a liquidated sum or capable of mathematical calculation." *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013) (*quoting Davis v. Fendler*, 650 F.2d

1154, 1161 (9th Cir. 1981)). In this case, the requested damages are a definite sum comprised of specified past-due rent payments, late fees, and rental incentives specified in the Lease and Amendment thereto. (Doc. 19.) The requested damages are also supported by the Declaration of Michael Trainer, Plaintiff's Vice President and Lease Account Manager, and accompanying documents. (Doc. 19-1.) *See Doe v. United States*, No. CV-17-01991-PHX-GMS (JZB), 2018 WL 2431774, at *8 (D. Ariz. May 30, 2018) ("In determining damages, a court can rely on declarations submitted by the plaintiff[.]") (*citing Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal 2003)).

The Court finds that Plaintiff's motion, the Declaration of Michael Trainer, and attached exhibits sufficiently establish the amount of damages suffered by Plaintiff. (Docs. 19, 19-1.) The Court will enter default judgment against Defendants, jointly and severally, in the amount of $89,645.90.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 19) is **granted.**

**IT IS FURTHER ORDERED** that judgment is entered in favor of Plaintiff and against Defendants U.S. Metal Buildings Corp. and U.S. Building Systems Corp., jointly and severally, in the amount of **$89,645.90**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment in Plaintiff's favor.

Dated this 16th day of October, 2019.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge